```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```
_____

LOURDES GONZALEZ                      :
                                      : No.: 5:26-cv-1565
    v.                                :
                                      : JURY TRIAL DEMAND
COMMONWEALTH OF PENNSYLVANIA,         :
DEPARTMENT OF TRANSPORTATION          :
_____

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and she complains of Defendant as follows:

JURISDICTION

1. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA").

VENUE

2. Venue in this matter is within the Eastern District of Pennsylvania by virtue of the fact that all transactions and occurrences happened in Lehigh County, Pennsylvania.

PARTIES

3. Plaintiff, Lourdes Gonzalez, is an adult individual who resides at 540 High Street, Apt 1, Bethlehem, PA 18018.

4. The Defendant, Commonwealth of Pennsylvania, operates a

1

department known as the "Pennsylvania Department of Transportation" (hereinafter "Defendant") which is a department of the Commonwealth of Pennsylvania and has a headquarters located at 1101 South Front Street, Harrisburg, PA 17104.

## FACTS

5. Plaintiff was first employed by Defendant as a TEOB at Defendant's branch location for the Pennsylvania Department of Transportation ("PennDot") located in Lehigh County, PA.

6. At all times material hereto, Defendant, which employs 50 or more workers within a 75-mile radius of Plaintiff's worksite, adopted the FMLA as its policy for family and medical leave by and through its Management Directive 530.30 and Article 18 of the Master Agreement '23 – '27 effective July 1, 2023 to June 30, 2027 between Defendant and the AFL-CIO.

7. Plaintiff's supervisors, at all times material hereto, included Brian Shoenberger (Foreman), Timothy Presco (Manager), Asar Bahaa (Manager).

8. In about April 24, 2025, Plaintiff reported to Mr. Presco and Mr. Bahaa that Mr. Shoenberger was stealing a substantial amount of diesel fuel from the Defendant's fuel truck for personal use.

9. Mr. Presco and Mr. Bahaa are appropriate authorities pursuant to the Whistleblower Law, 43 P.S. § 1421 (hereinafter

"Whistleblower Law") to whom she could report Mr. Shoenberger's theft of diesel fuel.

10. After Plaintiff reported Mr. Shoenberger to Mr. Presco and Mr. Bahaa, no action was taken against Mr. Shoenberger, and he continued to steal diesel fuel from the Defendant's fuel truck for personal use.

11. Additionally, Mr. Shoenberger started making false reports that Plaintiff was committing misconduct at the workplace.

12. On July 18, 2025, Mr. Shoenberger falsely accused Plaintiff of failing to report the accident involving a State Vehicle that caused damage to the vehicle.

13. After this false report was made about Plaintiff, Plaintiff was brought into a meeting with Mr. Presco and Mr. Bahaa and Plaintiff presented evidence that she did report the accident to Arthur DeLong (Plaintiff's Foreman) and asked them both why no action was being taken against Mr. Shoenberger and revealed that he continued to steal diesel fuel from the commonwealth with no consequences.

14. Still no action was taken against Mr. Shoenberger after this second complaint of waste.

15. On July 21, 2025, Mr. Shoenberger unfairly singled out Plaintiff for posting two videos taken at the workplace on Social Media.

3

16. Mr. Shoenberg had known about these postings for many months but chose to report Plaintiff's video postings after Plaintiff reported that he was stealing diesel fuel.

17. This report was disingenuous because Mr. Shoenberger knew that many of his subordinates made similar posts on social media— yet he did not report these other videos as being improper.

18. Plaintiff was later alleged by Mr. Bahaa to have violated Management Directive 205.34, which was an inapplicable policy that did not apply to Plaintiff's posting of the video because it was meant only to establish the "acceptable use of the Commonwealth's IT Resources", and no such resources were utilized in filming or posting the videos.

19. Plaintiff was approved to commence continuous FMLA leave from some time in about late July 2025 through September 3, 2025 for treatment of a flair-up of her Graves' disease which resulted in a swollen thyroid gland and problems swallowing and breathing.

20. Shortly thereafter, Plaintiff was again brought into a meeting with Mr. Presco and Mr. Bahaa, and they asked her about the videos and asked her to show them the videos.

21. Plaintiff was unable to find the video on her phone at the time of the meeting, and before she had a fair opportunity to show them the video, a discussion ensued regarding one of the

videos and Plaintiff explained that she was on her break when one of the videos was filmed by Mike Williams (a co-worker of Plaintiff).

22. Despite the fact that they had never seen the video taken by Mike Williams in which he was talking in the background while filming Plaintiff performing work, they accused Plaintiff of lying about who took the video and accused Plaintiff of bringing a non-employee onto the property (because they did not know the video was taken in March 2024 when Mr. Williams was still employed by Defendant and the video had been posted since that time.

23. At the same meeting, Plaintiff commented to Mr. Presco and Mr. Bahaa that because they were friends with Mr. Shoenberger, they were purposely letting him get away with stealing the diesel fuel and Plaintiff further complained that they were calling her a liar without first examining the video in question, which would have revealed that Mr. Williams was talking while filming her.

24. On September 8, 2025, after Plaintiff returned from FMLA leave, she was brought into a "pre-disciplinary" meeting with Mr. Presco and Mr. Bahaa and she was informed that they were considering possible termination because of the incidents reported by Mr. Shoenberger in July 2025 and other minor and/or false policy violations including allegedly failing to call out

5

by 6:00 A.M. on several occasions while she was on approved continuous FMLA leave between about late July 2025 and September 4, 2025.

25. At this September 8 meeting, Plaintiff reiterated to Mr. Presco and Mr. Bahaa that because they were friends with Mr. Shoenberger, they were purposely letting him get away with stealing the diesel fuel and Plaintiff further complained that defendant knew she was out on leave and there was no reason to call out every day because her leave was already approved.

26. On September 30, 2025, Plaintiff was suspended without pay, and was thereafter terminated on November 12, 2025, purportedly due to the reasons given at her at the July and September meetings.

27. The proffered reasons for Plaintiff's termination were mere pretext designed to mask the true unlawful reasons for her termination.

28. The true reason why Plaintiff was terminated on November 12, 2025 was because she reported abuse and misuse of funds and resources belonging to the Defendant constituting "waste" as defined pursuant to 43 P.S. Section 1422 and/or because she took pre-approved FMLA leave as set forth in Counts 1 and 2 below.

COUNT 1— VIOLATION OF THE PENNSYLVANIA WHISTLEBLOWER LAW

29. Paragraphs 1-28 are included by reference as if fully set forth herein below.

30. Plaintiff complained of conduct by Defendant's official and/or supervisory employee-- Mr. Shoenberger-- which resulted in and continued to result in, substantial abuse and misuse of funds and resources belonging to the Defendant, in that Mr. Shoenberger was stealing diesel fuel which belonged to Defendant—an Executive Commonwealth Agency-- on a regular basis, which diesel fuel was meant to be used solely by the Commonwealth of Pennsylvania and/or its Executive Commonwealth Agency, PennDot.

31. Such abuse and misuse of funds and resources belonging to the Defendant constitutes "waste" as defined pursuant to 43 P.S. Section 1422.

32. Plaintiff's reports of this waste to Mr. Presco and Mr. Bahaa were good faith reports of "wrongdoing" as defined pursuant to 43 P.S. Section 1422, in that such Mr. Shoenberger was stealing diesel fuel from Defendant which constituted ". . . substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from Commonwealth or political subdivision sources, which is covered by 43 P.S. Section 1421, et seq.

33. In fact, Plaintiff had a duty to report such misconduct and/or unethical behavior pursuant to Commonwealth policy.

34. Thus, Plaintiff is a "whistleblower" in that she possessed "… evidence of wrongdoing or waste while employed and [made] a good faith report of the wrongdoing or waste, verbally or in writing, to one of [her] superiors …" pursuant to 43 P.S. Section 1422.

35. Defendant, by and through its agents, retaliated against Plaintiff in violation of the Whistleblower Law by terminating her employment on November 12, 2025 in retaliation for reporting the aforementioned waste and wrongdoing.

36. Defendant is vicariously liable for the unlawful actions of its employees, principals and/or agents, including but not limited to committed by Mr. Presco, Mr. Bahaa and Mr. Shoenberger (collectively referred to as "agents" or "employees").

37. Plaintiff suffered, and may in the future suffer, lost pay, benefits and other financial damages as a consequence of Defendant's unlawful termination of Plaintiff.

38. Plaintiff seeks attorney's fees and costs and any other relief deemed proper by this Court.

39. Defendant and its agents undertook a course of conduct towards Plaintiff as set forth herein above and caused Plaintiff

to suffer lost pay, benefits and other financial damages in violation of the Whistleblower Law.

WHEREFORE, Plaintiff demands judgment on Count 1 against Defendant for lost pay, lost benefits, other financial losses, reasonable attorneys' fees and costs and any other relief that this Honorable Court deems to be fair and proper.

## COUNT 2— VIOLATION OF THE FMLA

40. Paragraphs 1-39 are included by reference as if fully set forth herein below.

41. In an effort to justify its termination of Plaintiff in violation of the Whistleblower Law, Defendant, by and through its agents, also violated the FMLA which Defendant adopted as its policy.

42. Specifically, Management Directive 530.30 sets forth that: "Absences that are granted pursuant to the requirements of the FMLA."

43. Plaintiff was eligible for continuous leave between late July 2025 and September 4, 2025 in the twelve (12) months prior to the start of her leave Plaintiff worked in excess of 1,250 work hours and she was eligible to take 13 weeks of FMLA protected leave under Defendant's FMLA policy.

9

44. Plaintiff provided notice of her need for continuous leave as soon as practicable as required pursuant to the FMLA and Defendant's FMLA policy.

45. Defendant falsely alleged that Plaintiff needed to call out every day of her approved FMLA leave as further a justification for her termination.

46. Given that her continuous leave was pre-approved for a period of about 6 weeks, there was no need for Plaintiff to call out every morning, and such a demand did not serve the legitimate business interests of the Defendant, since Defendant already pre-approved the period of time that Plaintiff was to be absent from work.

47. As a direct result of Defendant's unlawful violation of the FMLA and its regulations, Plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost benefits and other financial losses.

48. Plaintiff has and will be engaged in great efforts to mitigate her damages by searching for new employment, but she has to date and may in the future be unsuccessful in her efforts to find equivalent employment.

49. Plaintiff seeks to recover liquidated damages in an amount equal to actual damages because Defendants and their agents intentionally, and/or in bad faith, violated the FMLA.

50. Plaintiff seeks to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

51. Plaintiff seeks immediate reinstatement of her employment.

WHEREFORE, Plaintiff demands that judgment be entered in her favor on Count 2 against Defendant for lost pay, lost benefits, other financial losses, liquidated damages, reasonable attorneys' fees and costs, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
2001 Market St., Suite 2500
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff